## MIGUEL RIOJAS *v.* THE STATE.

1. CHARGE OF THE COURT. — When there is evidence tending to establish a defence, the court has no option to ignore it in the instructions to the jury, and thus withhold from the jury the issue it presents. The credibility and weight of such evidence are not for the consideration of the court in its charge to the jury, but for the exclusive consideration of the jury in determining their verdict.

2. SAME — THEFT. — In a trial for theft of certain mules, there was evidence tending to show that, after the theft was committed by other persons, they employed the accused to accompany them and the mules to a distant market, and to act as their guide and interpreter. In its charge to the jury the court ignored this evidence and the question of guilty knowledge or intent, and though it gave a requested instruction on the question, it appended to it a modification which authorized a conviction irrespective of guilty knowledge or intent on the part of the accused. *Held*, error.

APPEAL from the District Court of Bexar. Tried below before the Hon. G. H. NOONAN.

The case is sufficiently disclosed in the opinion.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

Clark, J.   The appellant rested his defence in the court below exclusively upon the ground that after the animals had been stolen, he, in ignorance thereof and in good faith on his part, was employed by the thieves, who could not speak the English language, to assist them in driving the animals to a distant county for market, and to act as their interpreter pending the expedition.   This defence was supported by the testimony of several witnesses, whose credibility was a question for the determination of the jury under proper instructions from the court; and upon this testimony it was a right given by law to the defendant to have this issue submitted with distinctness, and entirely free from any qualification which might detract from its significance or serve to confuse the minds of the jury in their consideration of the whole testimony and the particular potency of this particular species.

In view of all the evidence elicited on the trial, it is more than probable that this defence, even under a proper instruction, would have had no appreciable effect with the jury, and would have been discarded by them altogether in reaching their conclusions.   But that was not a question for the determination of the court below, and cannot be a question with this court upon appeal.   The provinces of court and jury respectively are plainly and rigidly defined by law, and it is not for the former to act upon a belief that the latter cannot be affected by any particular portion of the evidence.   Possibly they may entertain an altogether different view of the evidence, as is their undoubted prerogative under the law.

In its main charge, the court failed altogether to submit an instruction to the jury upon the issue raised by the evi-

dence above indicated, and thereupon the defendant requested the following apposite instruction: "In order to constitute theft, there must be a felonious taking of the property by the defendant, and if you believe from the evidence that the property charged to have been stolen was taken from the owner by other persons, and that the defendant was subsequently employed by them to act as guide and interpreter, in good faith and without any knowledge of the property being stolen, you cannot find him guilty as charged; or if, from the evidence, you have a reasonable doubt as to the guilty knowledge of defendant, you must acquit him."

Instead of giving this instruction as asked, which would have been proper, the court added the following: "Given with the following principles of law, to be considered with the foregoing: Where there are several acts constituting together one crime, if each act is separately performed by a different individual, in the absence of the rest, all are jointly principals. So, also, if several combine both intent and act to commit a crime jointly, each is guilty, the same as if he had done the whole thing alone. This is especially the case if he has his particular part to do, contributing to the general result, and he does the part assigned him according to the previously formed design to execute and perform the illegal act."

The applicability and correctness of this qualification is not very apparent to us. The first principle announced is not correct as an abstract proposition, for it leaves out of view altogether the guilty knowledge and intent on the part of all participants, which is essential in theft, and substantially instructs the jury that a party may be guilty as a principal with others, although the act or acts done and performed by him, and which go to make up the offence, were done and performed in the absence of the others, and without knowledge on his part that they were perpetrating a crime, or intention to unite with them in so doing. This

is not the law, and was the exact reverse of the instruction requested, and tended in a material manner to negative and destroy its proper weight with the jury.

The remaining portion of the qualification is not altogether free from objection when applied to the facts in evidence, though correct in the abstract. If the court felt called upon to instruct the jury as to the law of principals in crime,— and we do not undertake to say it was unnecessary, — that law should be applied with special reference to the facts in the case.

Because of error in the charge of the court, the judgment is reversed and the cause remanded.

*Reversed and remanded.*